**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:20CV-P126-TBR**

**JEREMY CHAPLIN HENLEY**                                                                 **PLAINTIFF**

v.

**DeEDRA HART *et al*.**                                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Jeremy Chaplin Henry filed the instant *pro se* action proceeding *in forma pauperis*. The complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915A.[1] Upon review, the Court will dismiss the action for the reasons stated herein.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), initiated this action by filing a handwritten document, which he captioned as follows:

> In Re: Application to proceed w/out pre-payment of fees and six month financial affidavit per 28 U.S.C. § 1914(a) names of parties in action for the Emergency Application for a Temporary Restraining Order per Fed. R. Civ. P. 65 et seq. Petition for Writ of Habeas Corpus per 28 U.S.C. § 2241 et seq. and Complaint for Declaratory and Injunctive relief per Fed. R. Civ. P. 57 et seq.

The document states the following:

> Upon accordance to both State and Federal Constitutions this action will be brought to enjoin the Defendant's from further violating Constitutional provisions as those set forth within the gravamen of the Plaintiff's Emergency Applications, such as and/or is continuously having caused irreparable injury. This Plaintiff is demanding judgment enjoining acts and/or practices enforcing compliance with the provisions of both State and Federal law and thus restraining the foregoing Defendants, their agents, servants, employees, attorneys, and all person of interest in active concert and/or participation with Defendant parties as listed below in said accordance with Fed. R. Civ. P. Rules 10 and 17 et. seq.

---

[1] The complaint was docketed as a petition for writ of habeas corpus. However, since Plaintiff does not in fact seek habeas relief, the Court does not construe the complaint as a habeas petition.

Plaintiff lists a host of Defendants, including DeEdra Hart, the Warden of KSP; Eric Friedlander, the Secretary of the Kentucky Cabinet for Health and Family Services; Daniel Cameron, the Kentucky Attorney General; Andy Beshear, the Kentucky Governor; various unnamed heads of Kentucky cabinets and agencies; members of the Kentucky senate and state legislature; numerous employees of the Kentucky Department of Public Advocacy; Kentucky District, Circuit and/or Family Courts in Lyon, Union, Carlisle, and Morgan Counties; Commonwealth's Attorneys in several counties; and various medical personnel at KSP.

The complaint contains no other allegations than those stated above.

## II.  ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58

F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

In addition, Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank*, 727 F.3d 502, 503 (6th Cir. 2013).  In other words, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted); *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'ground' on which the claim rests.").

Plaintiff's complaint contains no factual or legal grounds to support a cause of action.  He broadly references violations of constitutional provisions and state and federal law and alleges irreparable injury.  However, the complaint is too vague and lacking in factual specificity to state a constitutional claim.  *See Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.") (quoting *Twombly*, 550 U.S. at 554-55).  Plaintiff fails to describe any specific action taken against him; how any of the multitude of Defendants named actually harmed him; or what constitutional provisions or laws he claims were violated.  Therefore, the

action must be dismissed for failure to state a claim upon which relief may be granted and for failure to meet the notice-pleading standards of Rule 8.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 22, 2020

cc: Plaintiff, *pro se*
4413.010